DICKSON, Justice,
concurring in result.
The Court is generous in its treatment of the defendant’s appellate presentation. His brief initially asserts only one issue: whether his sentence is appropriate in light of the nature of the offense and character of the offender. Appellant’s Br. at 1. This is the test by which appellate courts implement their authority to review and revise criminal sentences. Ind. Appellate Rule 7(B). His summary of argument, however, contends that his sentence is inappropriate “for the reason that the trial court failed to consider or give proper weight to the mitigating circumstances in this case.” Appellant’s Br. at 3. And the argument section of the defendant’s brief does not address appropriateness in light of his character or the nature of the offense but discusses only his claim that the trial court erred in its consideration of all the mitigating evidence. This claim is for appellate reversal due to trial court abuse of discretion, not a request for the exercise of appellate sentencing review authority under Rule 7(B).[1]
The two criteria to be used for the Rule 7(B) analysis, the nature of the offense and character of the offender, are distinct from the aggravating and mitigating circumstances a trial court is statutorily required to identify and weigh in its sentencing determination.
But the defendant makes no claim or showing that the nature of his offense calls for particular leniency or that there are virtuous aspects of his character that warrant special consideration, either or both of which might justify our intervention in the trial court’s sentencing determination under Appellate Rule 7(B). On this issue, he presents no argument.
While I agree with the majority’s decision to affirm, I quibble with its concluding finding that the sentence was appropriate, which suggests that the defendant sought and the court exercised the appellate review and revise authority pursuant to Appellate Rule 7(B).

. The defendant cites Martin v. State, 784 N.E.2d 997, 1013 (Ind.Ct.App.2003), as authority for merging the trial court sentencing considerations into the appellate review and revise function under Rule 7(B). I disagree with the Court of Appeals rationale in Martin on this point.